UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **In re Wayne Kirk,**       *Debtor.* | Case No. 15-31300 <br><br> Chapter 13 |
| **Wayne Kirk,**       *Plaintiff* <br><br> v. <br><br> **AC Auto Pay, LLC,**       *Defendant.* | Adv. Proc. No._____ |

**COMPLAINT FOR DAMAGES**

COMES NOW, Wayne Kirk, Plaintiff, seeking to recover actual and punitive damages as well as costs and attorney's fees from AC Auto Pay, LLC, Defendant, for multiple willful violations of the automatic stay of 11 U.S.C. § 362 and, as cause for such, would show the Court the following:

**JURISDICTION AND VENUE**

1. Plaintiff filed for relief under chapter 13 of the Bankruptcy Code on May 18, 2015.

2. Jurisdiction is proper in this case pursuant to 28 U.S.C. § 157(a) and § 1334 and from an order of The United States District Court for the Middle District of Alabama referring bankruptcy matters to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. Apr. 25, 1985).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Because a title 11 case related to this proceeding is now pending in this Court, venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. Plaintiff is a debtor under chapter 13 of title 11 of the United States Code in case number 15-31300.

6. Defendant is, upon information and belief, a limited liability company organized under the laws of the State of Delaware. According to the Alabama Secretary of State's records, Defendant's principal address is 1058 Delaware Street, Denver, Colorado 80204, and it may be served through its registered agent, National Registered Agents, Inc., 2 North Jackson St., Suite 605, Montgomery, Alabama 36104.

## FACTS

7. On or about June 25, 2014, Plaintiff purchased a 2004 Yukon Denali (the "Vehicle") from We Finance Auto Sales ("We Finance") in Montgomery, Alabama. Plaintiff entered into a SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT (the "Contract") with We Finance to finance the purchase of the Vehicle by making monthly payments over time.

8. At some point, We Finance or Defendant caused a payment guarantee device (the "Device") to be installed on the Vehicle which would prevent the Vehicle from starting in the event Plaintiff did not make all payments as required under the Contract.

9. We Finance assigned its interest under the Contract, including the right to receive payments, to Defendant.

10. Plaintiff filed for chapter 13 bankruptcy relief on May 18, 2015.

11. On Schedule D of the bankruptcy petition, Debtor listed AC AUTOPAY among the creditors holding secured claims. Debtor also included AC AUTOPAY and AUTOPAY

on the creditor matrix with addresses at 1058 Delaware St., Denver, CO 80204 and P.O. Box 40409, Denver, CO 80204, respectively.

12. Debtor indicated on Schedule D that the claim of AC AUTOPAY was secured by the Vehicle.

13. On May 21, 2015, the Bankruptcy Noticing Center filed a certificate of notice indicating the Meeting of Creditors Notice had been sent to creditors that same day. Among the creditors on the certificate of notice was AUTOPAY with an address of P.O. Box 40409, Denver, CO 80204-0409.

14. On or about May 27, 2015, Plaintiff attempted to start the Vehicle, but it would not start because Defendant had caused the Device to prevent the Vehicle from starting.

15. Someone from Plaintiff's bankruptcy attorney's office contacted Defendant the same day the Vehicle would not start, and Defendant caused the Device to turn off thereby allowing the Vehicle to start.

16. On or about July 11, 2015, Plaintiff attempted to start the Vehicle, but it would not start because Defendant had again caused the Device to prevent the Vehicle from starting.

17. Plaintiff contacted Defendant that same day, and Defendant eventually caused the Device to turn off thereby allowing the Vehicle to start.

18. On July 16, 2015, Defendant filed a proof of claim in Plaintiff's bankruptcy case for $9,744.82 through its attorney, Joseph Garibyan at the law offices of Prober & Raphael. Defendant claimed the entire amount as secured and listed the Vehicle as collateral. To the proof of claim, Defendant also attached the Contract, which indicated the monthly payment was $354.33.

19. On or about August 6, 2015, Defendant drafted $354.33 from Plaintiff's checking account at Regions Bank. Because the drafted amount exceeded Plaintiff's checking account balance, the draft caused Plaintiff to incur a paid overdraft item fee. Plaintiff also could not attend a scheduled doctor's appointment that same day because he did not have money for fuel after Defendant drafted the money from his checking account.

20. On August 10, 2015, Plaintiff received a phone call from Defendant. When Plaintiff answered the phone, a pre-recorded message stated the call may be monitored or recorded and that the call was an attempt to collect a debt. Upon hearing this message, Plaintiff ended the call.

## COUNT ONE
## WILLFUL VIOLATION OF THE AUTOMATIC STAY

21. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

22. Because Plaintiff filed a bankruptcy petition on May 18, 2015, the automatic stay provisions of 11 U.S.C. § 362 applied to all entities, including Defendant, as of that date.

23. By causing the Device to prevent the starting of the Vehicle on or about May 27, 2015, after Plaintiff filed bankruptcy, Defendant committed an act to exercise control over property of the estate.

24. By causing the Device to prevent the starting of the Vehicle on or about May 27, 2015, after Plaintiff filed bankruptcy, Defendant committed an act to enforce a lien against Plaintiff's property for a claim that arose against Plaintiff before the commencement of the bankruptcy case.

25. By causing the Device to prevent the starting of the Vehicle on or about May 27, 2015, after Plaintiff filed bankruptcy, Defendant committed an act to collect, assess, or recover a claim against Plaintiff that arose before the commencement of the bankruptcy case.

26. Defendant's conduct therefore violated the automatic stay provisions of 11 U.S.C. § 362.

27. Furthermore, Defendant's conduct constitutes a willful violation of the automatic stay because Defendant had knowledge of the bankruptcy and intended to cause the Device to prevent the starting of the Vehicle.

## COUNT TWO
## WILLFUL VIOLATION OF THE AUTOMATIC STAY

28. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

29. By causing the Device to prevent the starting of the Vehicle on or about June 11, 2015, after Plaintiff filed bankruptcy, Defendant committed an act to exercise control over property of the estate.

30. By causing the Device to prevent the starting of the Vehicle on or about June 11, 2015, after Plaintiff filed bankruptcy, Defendant committed an act to enforce a lien against Plaintiff's property for a claim that arose against Plaintiff before the commencement of the bankruptcy case.

31. By causing the Device to prevent the starting of the Vehicle on or about June 11, 2015, after Plaintiff filed bankruptcy, Defendant committed an act to collect, assess, or recover a claim against Plaintiff that arose before the commencement of the bankruptcy case.

32. Defendant's conduct therefore violated the automatic stay provisions of 11 U.S.C. § 362.

33. Furthermore, Defendant's conduct constitutes a willful violation of the automatic stay because Defendant had knowledge of the bankruptcy and intended to cause the Device to prevent the starting of the Vehicle

## COUNT THREE
## WILLFUL VIOLATION OF THE AUTOMATIC STAY

34. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

35. By drafting a car payment from Plaintiff's checking account approximately three months after Plaintiff filed bankruptcy, Defendant committed an act to exercise control over property of the estate.

36. By drafting a car payment from Plaintiff's checking account approximately three months after Plaintiff filed bankruptcy, Defendant committed an act to enforce a lien against Plaintiff's property for a claim that arose against Plaintiff before the commencement of the bankruptcy case.

37. By drafting a car payment from Plaintiff's checking account approximately three months after Plaintiff filed bankruptcy, Defendant committed an act to collect, assess, or recover a claim against Plaintiff that arose before the commencement of the bankruptcy case.

38. Defendant's conduct therefore violated the automatic stay provisions of 11 U.S.C. § 362.

39. Furthermore, Defendant's conduct constitutes a willful violation of the automatic stay because Defendant had knowledge of the bankruptcy and intended to draft the car payment from Plaintiff's checking account.

## COUNT FOUR
## WILLFUL VIOLATION OF THE AUTOMATIC STAY

40. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

41. By calling Plaintiff for the stated purpose of attempting to collect a debt, Defendant committed an act to enforce a lien against Plaintiff's property for a claim that arose against Plaintiff before the commencement of the bankruptcy case.

42. By calling Plaintiff for the stated purpose of attempting to collect a debt, Defendant committed an act to collect, assess, or recover a claim against Plaintiff that arose before the commencement of the bankruptcy case.

43. Defendant's conduct therefore violated the automatic stay provisions of 11 U.S.C. § 362.

44. Furthermore, Defendant's conduct constitutes a willful violation of the automatic stay because Defendant had knowledge of the bankruptcy and intended to place the phone call to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays this Honorable Court grant him the following relief:

1. Plaintiff's actual damages;

2. Punitive damages against Defendant in an amount the Court deems appropriate;

3. Sanctions against Defendant as the Court deems appropriate to enforce the provisions of the Bankruptcy Code;

4. Costs of bringing this action and reasonable attorney's fees as determined by the Court;

5. Such other relief as the Court deems just.

Respectfully submitted August 12, 2015.

/s/ Joshua C. Milam
Joshua C. Milam ASB-3046-T99U
Shinbaum Law Firm, P.C.
566 South Perry Street
P.O. Box 201
Montgomery, AL 36101
334-269-4440- Selma 334-872-4545

Case 15-03080    Doc 1    Filed 08/12/15    Entered 08/12/15 18:31:02    Desc Main
Document      Page 7 of 7